## In re Search and Seizure, Al James HARPER, Appellant.

### No. 87–1068.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1987.

Decided Jan. 6, 1988.

Lawrence J. Fleming, St. Louis, Mo., for appellant.

Joseph Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

FAGG, Circuit Judge.

Al James Harper appeals the district court's dismissal of a motion he filed under Rule 41(e) of the Federal Rules of Criminal Procedure seeking the return of twenty-nine thousand dollars seized from him by agents of the Drug Enforcement Agency (DEA). *See* 21 U.S.C. § 881(a)(6). We affirm.

Harper's cash was seized after a search of his carryon bag by airport security officials at a checkpoint scanner. Although the circumstances present a tenuous case of probable cause for the seizure, the DEA

agents testified they suspected the money was connected with drug trafficking. The agents told Harper his cash would be retained by the DEA pending civil forfeiture proceedings. No criminal charges were ever brought against Harper, and none are apparently contemplated.

After Harper filed his rule 41(e) motion for return of the seized money, the government instituted forfeiture proceedings by mailing and publishing a notice of intention to forfeit Harper's money. *See* 19 U.S.C. § 1607(a); 21 U.S.C. § 881(d); 21 C.F.R. § 1316.75 (1987). The government contends this administrative forfeiture was complete when Harper failed to file a claim and post a bond within twenty days after receiving notice. *See* 21 C.F.R. § 1316.77 (1987).

The government filed a motion to dismiss Harper's rule 41(e) motion, contending the district court should not exercise its equitable jurisdiction because Harper's motion resorted to the Federal Rules of Criminal Procedure to attack a completed civil forfeiture proceeding. *See* Fed.R.Crim.P. 54(b)(5). In response, Harper argued the district court's equitable jurisdiction attached when he first filed his motion—at a time when no civil forfeiture proceeding was underway that would make rule 54(b)(5) applicable. The district court dismissed Harper's motion.

Rule 41(e) is " 'a crystallization of a principle of equity jurisdiction.' " *United States v. Rapp*, 539 F.2d 1156, 1160 (8th Cir.1976) (quoting *Smith v. Katzenbach*, 351 F.2d 810, 814 (D.C.Cir.1965)). The equitable powers of the district court to order a preindictment return of property illegally seized by federal law enforcement officers "is invoked through the inherent disciplinary power of the court over officers of the court." *Id.* The applicability of equitable principles is thus compelled whether one brings an action under rule 41(e) or premises his claim on the general equity powers of the district court. *See id.* at 1160–61; *Meier v. Keller*, 521 F.2d 548, 554 (9th Cir.1975), *cert. denied*, 424 U.S. 943, 96 S.Ct. 1410, 47 L.Ed.2d 348 (1976); *Hunsucker v. Phinney*, 497 F.2d 29, 34 (5th Cir.1974), *cert. denied*, 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975).

■ Harper was entitled to file a rule 41(e) motion for preindictment return of illegally seized property. *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency*, 461 U.S. 555, 569, 103 S.Ct. 2005, 2014, 76 L.Ed.2d 143 (1983) ("If the claimant believes the initial seizure was improper, he [can] file a motion under Federal Rule of Criminal Procedure 41(e) for a return of the seized property."). Indeed, a rule 41(e) motion for return of seized property may be used as a basis "to trigger rapid filing of a forfeiture action." *Id.; see also Pieper v. United States*, 604 F.2d 1131, 1133 (8th Cir.1979). Even so, " 'it does not automatically follow that this unique power should be exercised whenever it exists.' " *Meier*, 521 F.2d at 554 (quoting *Hunsucker*, 497 F.2d at 34). The district court's equity jurisdiction to order the return of unlawfully seized property is "extraordinary * * * [and] is to be exercised with caution and restraint," *Pieper*, 604 F.2d at 1133, "and in accordance with familiar limitations on the granting of equitable relief," *Meier*, 521 F.2d at 554.

■ Although Harper had knowledge of the pending forfeiture proceeding, he allowed the matter to finalize without challenging the forfeiture or seeking a stay of the proceedings. Harper now claims he may attack that civil forfeiture by utilizing rule 41(e). We disagree. Harper cannot pursue an equitable remedy in the district court when he did not challenge in any way the very proceeding that forfeited his property in the first place. To do so would be the equivalent of impermissibly using the Federal Rules of Criminal Procedure to attack a civil forfeiture. Fed.R.Crim.P. 54(b)(5); *see Rapp*, 539 F.2d at 1160; *see also In re Seizure Warrant*, 830 F.2d 372, 374 (D.C.Cir.1987) (per curiam) ("Because proceedings under section 881 are civil in nature and there is no criminal proceeding with which the seizure is connected, appellant cannot avail himself of the relief provided by Fed.R.Crim.P. 41(e).").

Although equity is tolerant of errors of procedure and form, in this instance Harper has clearly ignored our admonition that the legality of a seizure should be tested in

the forfeiting proceeding. *Rapp*, 539 F.2d at 1161 (citing *Goodman v. Lane*, 48 F.2d 32, 34 (8th Cir.1931)). Thus, we conclude the district court did not abuse its discretion when it refused to invoke its equitable powers in the circumstances of this case.

Second, we believe the district court's refusal to exercise its equitable jurisdiction was also proper because Harper has an adequate remedy at law and will not suffer irreparable harm if he is forced to pursue that remedy. *See Pieper*, 604 F.2d at 1133–34; *Rapp*, 539 F.2d at 1161. Harper claims, in essence, inadequate notice of the forfeiture proceeding deprived him of his property without due process of law. Because constitutional claims may be raised before the United States Claims Court, Harper can attack the constitutionality of the forfeiture in that court. *See* 28 U.S.C. § 1491(a)(1); *see also Rapp*, 539 F.2d at 1161 (based on a similar analysis under the Tucker Act, 28 U.S.C. § 1346(a)(2)).

The district court properly refused to entertain Harper's motion under rule 41(e). Affirmed.