928 F.2d 406
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard O'Brien THARPE, Defendant-Appellant.
 No. 90-5865.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1991.
 
 On Appeal from the United States District Court for Middle District of Tennessee, No. 87-00169; Wiseman, C.J.
 M.D.Tenn.
 AFFIRMED.
 Before RYAN and SUHRHEINRICH, Circuit Judges, and SILER, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Howard O'Brien Tharpe appeals the district court's summary dismissal of his motion for return of property made pursuant to Fed.R.Crim.P. 41(e). The property in question, a 1978 Ford Bronco, was administratively forfeited by the Drug Enforcement Agency ("DEA") subsequent to defendant's arrest and conviction for various drug offenses. For the reasons stated below, the district court's dismissal of defendant's Rule 41(e) motion is AFFIRMED.
 
 I.
 
 2
 On May 14, 1990, defendant filed a motion, pro se, for return of property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. Defendant's motion sought the return of a 1978 Ford Bronco seized for the purposes of forfeiture by the DEA. On June 12, 1990, the district court summarily dismissed defendant's motion. No hearing was conducted and no opinion was issued by the court.
 
 
 3
 Defendant argues on appeal that the district court abused its discretion by summarily dismissing his Rule 41(e) motion for return of property. Rule 41(e) provides, in relevant part:
 
 
 4
 A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.
 
 
 5
 Fed.R.Crim.P. 41(e). It is well settled, however, that motions under the Criminal Rules of Procedure may not be brought to challenge a civil forfeiture. In re Harper, 835 F.2d 1273, 1274 (8th Cir.1988). United States v. United States Currency $83,310.78, 851 F.2d 1231 (9th Cir.1988). In fact, Rule 54(b)(5) specifically prohibits courts from utilizing the Criminal Rules of Procedure in the context of civil forfeiture.
 
 
 6
 [The Rules of Criminal Procedure] are not applicable to ... civil forfeiture of property for violation of a statute of the United States....
 
 
 7
 Fed.R.Crim.P. 54(b)(5). See also Shaw v. United States, 891 F.2d 602 (6th Cir.1989); Unites States v. Castro, 883 F.2d 1018 (11th Cir.1989).
 
 
 8
 We acknowledge that pro se litigants are to be afforded some leeway in pleading and motion practice. See United States v. Mosquera, 845 F.2d 1122 (1st Cir.1988). However, the district court's summary dismissal of defendant's rule 41(e) motion in this case was not merely "authorized" but "mandated" under the relevant law. Finally, because we hold that defendant's motion was properly dismissed, we need not address the fourteenth amendment claim raised therein.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 We do not mean to suggest that defendant had no remedy under the law. By way of example, defendant could have filed a civil complaint alleging an unconstitutional deprivation of property, in a United States District Court or the United States Claims Court. Defendant simply chose the wrong form of pleading to challenge the forfeiture. See 28 U.S.C. Sec. 1491(a)(1); see also In re Harper, 835 F.2d at 1275