In re SEIZURE OF $150,700.00, MORE OR LESS, U.S. CURRENCY AND COIN, APRIL 24, 1991.

Randy C. JOHNSON, Movant,

v.

UNITED STATES of America, Respondent.

No. 91–0449–CV–W–3.

United States District Court, W.D. Missouri, W.D.

June 14, 1991.

Austin F. Shute, Bruce W. Simon, Simon & Simon, Kansas City, Mo., for plaintiff.

## ORDER

ELMO B. HUNTER, Senior District Judge.

Before the Court is movant Johnson's motion, pursuant to Federal Rule of Criminal Procedure 41(e), for the return of approximately $150,700.00 which officers of the Kansas City Missouri Police Department seized from him on April 24, 1991, at the Amtrak Station at 2200 Main Street in Kansas City, Missouri. The government urges the Court to deny the motion and to dismiss the case for lack of subject matter jurisdiction.

■ The scope of a district court's jurisdiction under Rule 41(e) is clear in this Circuit:

Rule 41(e) is a " 'crystallization of a principle of equity jurisdiction.' " The equitable powers of the district court to order a preindictment return of property illegally seized by federal law enforcement officers "is invoked through the inherent disciplinary power of the court over officers of the court." The applicability of equitable principles is thus compelled whether one brings an action under rule 41(e) or premises his claim on the general equity powers of the district court.

*In re Harper,* 835 F.2d 1273, 1274 (8th Cir.1988) (citations omitted). In *Harper,* the court held that:

Harper was entitled to file a rule 41(e) motion for preindictment return of illegally seized property. *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency,* 461 U.S. 555, 569, 103 S.Ct. 2005, 2014, 76 L.Ed.2d 143 (1983) ("if the claimant believes the initial seizure was improper, he [can] file a motion under Federal Rule of Criminal Procedure 41(e) for a return of the seized property."). Indeed, a rule 41(e) motion for return of seized property may be used as a basis "to trigger rapid filing of a forfeiture action." *Id.; see also Pieper v. United States,* 604 F.2d 1131, 1133 (8th Cir. 1979).

*Id.* Thus, the Eighth Circuit has recognized Rule 41(e) and the court's equitable powers as the basis for reviewing a seizure where the government has instituted neither criminal nor civil proceedings against the possessor of the property (or an *in rem* action against the property itself). Other courts have held that Rule 41(e) does not apply in non-criminal cases, *see, e.g., In re Seizure Warrant,* 830 F.2d 372 (D.C.Cir. 1987) (per curiam), *vacated sub nom., Onwuasoanya v. United States,* 488 U.S. 920, 109 S.Ct. 299, 102 L.Ed.2d 319 (1988), but that is not the law in this Circuit, nor does it square with Supreme Court precedent. *See DiBella v. United States,* 369 U.S. 121, 131–32, 82 S.Ct. 654, 660, 7 L.Ed.2d 614 (1962) ("Only if the [Rule 41(e) ] motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent.") *and United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency, supra.*

The Tenth Circuit has considered the proper scope of a hearing on a preindictment and pre-civil forfeiture Rule 41(e) motion. *Floyd v. United States,* 860 F.2d 999 (10th Cir.1988). One of the things the court should consider in such a hearing is the legality of the seizure. *Id.* at 1003 (Rule 41(e) "requires a showing of an illegal seizure" in order to "trigger relief"). In addition, the movant must show, in accordance with general equitable principles, that he has no adequate remedy at law and

that unless his property is returned to him he will suffer irreparable injury. *Id.*

In the present case, the government, on the one hand, contends that "Johnson cannot utilize Rule 41(e) to challenge the pending civil forfeiture proceedings," yet on the other hand the government concedes that no such proceedings are now pending. Contrary to the government's assertions, this Court *does* have jurisdiction over the motion. The motion is within both the Court's equitable jurisdiction and its jurisdiction under Rule 41(e). *Harper,* 835 F.2d at 1274. Johnson obviously filed the motion " 'to trigger rapid filing of a forfeiture action.' " *Id.* Accordingly, the motion is within the Court's jurisdiction and a hearing on the motion is warranted.

■ Although the Court may, in its discretion, retain jurisdiction over this action even after the publication of administrative notice, *Floyd,* 860 F.2d at 1004, the Court may also dismiss the case, even after a hearing is held, once forfeiture proceedings are initiated. *Id.* The government has informed the Court that the FBI's Kansas City office has "made a recommendation to its Washington, D.C., office to proceed with forfeiture of the currency...." Reply Suggestions at 3. The government further advises the Court that "written notice of a forfeiture action would probably be mailed to known potential claimants during the week of June 17, 1991." *Id.* at 3–4.

While these factors may ultimately bear on the relief, if any, that the Court grants in this case, they do not bear on whether or not a hearing should be held. The police officers who seized this cash did so on April 24, 1991. The government has had plenty of time to institute forfeiture proceedings if it had wished to do so. Johnson is entitled to a reasonably speedy resolution of this matter which, after all, involves a substantial sum of *his* money. Movant has waited long enough on the bureaucratic processes. One of the possible remedies that the Court could grant Johnson is to direct the government to initiate civil forfeiture actions immediately. Therefore, if the government desires to limit the possible scope of relief available to Johnson in this

case, then it should institute a civil forfeiture action *instanter.*

Accordingly, it is hereby ORDERED that the government's motion to dismiss for lack of subject matter jurisdiction is DENIED. It is further

ORDERED that a hearing on Johnson's Rule 41(e) motion shall be held on Monday, June 17, 1991, at 1:30 p.m. at the United States Courthouse, Courtroom No. 8, 811 Grand Avenue, Kansas City, Missouri.

IT IS SO ORDERED.