**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Norman Ray WOODALL,**
**Defendant–Appellant.**

No. 92–3404.

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1993.

Decided Dec. 28, 1993.

Ramona L. Marten, St. Louis, MO, argued, for appellant.

Raymond M. Meyer, St. Louis, MO, argued for appellee.

Before WOLLMAN and LOKEN, Circuit Judges, and HUNTER,* Senior District Judge.

LOKEN, Circuit Judge.

On October 19, 1989, the St. Charles, Missouri, police arrested Norman Ray Woodall for a state firearms offense and seized $1,811 in cash while booking him at the local jail. Woodall was subsequently indicted and convicted of violating 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *See United States v. Woodall,* 938 F.2d 834 (8th Cir.1991). In January 1992, Woodall commenced this action by filing a *pro se* "Motion for Return of Property" to recover the $1,811. The government suggested that the claim be denied as moot, submitting a February 1990 Drug Enforcement Administration ("DEA") Declaration that the currency had been administratively forfeited. The district court summarily denied Woodall's motion as moot. Woodall appeals, arguing that the district court erred in refusing to consider whether DEA violated his due process rights by not giving adequate notice of the administrative forfeiture. We reverse and remand.

**I.**

DEA forfeited the money on the ground that it was used or acquired as a result of a drug-related offense. *See* 21 U.S.C. § 881(a)(6). This statute incorporates the forfeiture procedures found in the Tariff Act of 1930. *See* 21 U.S.C. § 881(d). The Tariff Act permits "administrative forfeitures" of property valued at $500,000 or less. *See* 19 U.S.C. §§ 1607–1609; 21 C.F.R. §§ 1316.75–77. Under this procedure, DEA must publish notice of its intent to forfeit in a newspaper of general circulation once a week for at least three successive weeks, and must send "[w]ritten notice of seizure together with information on the applicable procedures ... to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a).

---

* The Honorable ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

If no party files a claim asserting an interest in the property within twenty days of the first publication, DEA may declare the property forfeited. *See* 19 U.S.C. § 1609. "A declaration of forfeiture under this section shall have the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States." 19 U.S.C. § 1609(b). However, if a proper claim is filed, DEA must refer the proceeding "to the United States attorney for the district in which seizure was made, who shall proceed to a condemnation of the merchandise or other property in the manner prescribed by law." 19 U.S.C. § 1608; *see also* 21 C.F.R. § 1316.78.

■ These Tariff Act provisions frame the issues on appeal. The government argues, and the district court held, that that court lacked jurisdiction to consider whether the DEA forfeiture Declaration may be collaterally attacked on due process grounds. Therefore, the argument proceeds, Woodall's Motion for Return of Property is "moot"—in other words, he is bound by the administrative forfeiture. This narrow view of the district court's jurisdiction finds no support in the statutory scheme or Supreme Court precedent. Under 19 U.S.C. § 1609, DEA's Declaration has the force and effect of "a final decree and order" of the district court. Any court, even one of limited jurisdiction, has jurisdiction to consider the validity of its prior decrees. *See, e.g., Riggs v. Johnson County,* 73 U.S. (6 Wall.) 166, 187, 18 L.Ed. 768 (1867); *Voorhees v. United States Bank,* 35 U.S. (10 Pet.) 449, 477, 9 L.Ed. 490 (1836). The statute itself provides that the DEA Declaration is just such a decree.

■ Other circuits have agreed that the district courts have jurisdiction to consider a collateral due process attack on an administrative forfeiture. Some, including this court, have upheld jurisdiction under the Tucker Act, 28 U.S.C. §§ 1346, 1491. *See Onwubiko v. United States,* 969 F.2d 1392, 1398–99 (2d Cir.1992), and cases cited; *United States v. Rapp,* 539 F.2d 1156, 1161 (8th Cir.1976). Others have found general federal question jurisdiction under 28 U.S.C. § 1331. *See Marshall Leasing, Inc. v. United States,* 893 F.2d 1096, 1102 (9th Cir.1990); *Willis v.*

*United States,* 787 F.2d 1089, 1093 (7th Cir. 1986). And the government itself has argued that 28 U.S.C. § 1355 gives the district courts exclusive jurisdiction over § 881 forfeitures. *See United States v. $79,123.49,* 830 F.2d 94, 98 (7th Cir.1987). Although there may be concurrent jurisdiction under the Tucker Act, jurisdiction is more soundly based upon 28 U.S.C. § 1331 or § 1355, along with 19 U.S.C. § 1609(b) and 21 U.S.C. § 881, because a collateral due process attack on a DEA forfeiture declaration necessarily presents a claim for equitable relief, and the Tucker Act does not confer equity jurisdiction. *See United States v. Testan,* 424 U.S. 392, 397–98, 96 S.Ct. 948, 952–53, 47 L.Ed.2d 114 (1976).

■ It is not surprising that the federal courts have universally upheld jurisdiction to review whether an administrative forfeiture satisfied statutory and due process requirements. Judicial review is a fundamental safeguard against government agencies and public officials who wrongfully seize or hold a citizen's property. *See Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947); *United States v. Lee,* 106 U.S. 196, 220–21, 1 S.Ct. 240, 260–61, 27 L.Ed. 171 (1882). Rigorous judicial review of forfeitures began at least as early as *Slocum v. Mayberry,* 15 U.S. (2 Wheat.) 1, 10, 4 L.Ed. 169 (1817) (Marshall, C.J.), and continues today. *See United States v. James Daniel Good Real Property,* —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). Under the Tariff Act, the statutory right to compel an agency to proceed by judicial condemnation is a vital congressional restraint on arbitrary confiscations. Yet, as in other adjudicatory settings, this right "has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Judicial review of this due process issue is therefore essential.

The government also argues that dismissal of Woodall's petition is required by our decision in *In re Harper,* 835 F.2d 1273 (8th Cir.1988). In *Harper,* we affirmed the district court's refusal to exercise equitable jur-

isdiction over a claim of insufficient forfeiture notice on the ground that the claimant had an adequate remedy at law—an action in the Court of Claims under the Tucker Act. However, since our decision in *Harper,* the Court of Claims has repeatedly held that it lacks jurisdiction to provide equitable relief for constitutional violations arising out of the forfeiture process. *See, e.g., Lark v. United States,* 17 Cl.Ct. 567, 569 (1989); *Noel v. United States,* 16 Cl.Ct. 166, 169 (1989); *LaChance v. United States,* 15 Cl.Ct. 127, 130 (1988). Because claimants no longer have an adequate remedy at law, *Harper* affords no ground for declining equity jurisdiction over Woodall's due process claim. *Accord Marshall Leasing,* 893 F.2d at 1100–01.

For the foregoing reasons, we hold that the district court has jurisdiction to consider Woodall's claim that he received inadequate notice of DEA's administrative forfeiture.[1]

## II.

█ The government urges us to affirm the district court on the alternative ground that Woodall in fact received adequate notice of the administrative forfeiture, yet failed to timely file a claim. In support, the government has submitted documents not before the district court showing that, after "adopting" the $1,811,[2] DEA mailed one written notice of forfeiture to Woodall's home and another to him at the St. Charles jail. Woodall responds that the notice was sent during the pendency of his federal criminal prosecution, that the district court had ordered his release on bond to a different residence known to the government, that no notice was mailed either to Woodall's correct address or to his attorney, and that he received no actual notice of the impending forfeiture.

█ The statute requires, in addition to notice by publication, "written notice ... to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a). In a proceeding of this nature, the Constitution requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657. Whether notice was adequate is measured at the time the notice was sent. *See Sarit v. Drug Enforcement Admin.,* 987 F.2d 10, 14 (1st Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993).

█ When the government has actual knowledge of an interested party's whereabouts at the time forfeiture is commenced, failure to direct the statutorily required personal notice to that address cannot be considered compliance with either the statute or minimum due process standards. *See Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983) ("[A]ctual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party ... if its name and address are reasonably ascertainable") (emphasis omitted); *Fisher v. Stutman,* 1987 WL 20223, at *2 (D.Mass. Nov. 6, 1987); *Jaekel v. United States,* 304 F.Supp. 993, 998 (S.D.N.Y.1969). Moreover, if the government is incarcerating or prosecuting the property owner when it elects to impose the additional burden of defending a forfeiture proceeding, fundamental fairness surely requires that either the defendant or his counsel receive actual notice of the agency's intent to forfeit in time to decide whether to

---

1. At oral argument, the government suggested that we affirm because Woodall may not obtain relief under Fed.R.Crim.P. 41(e) after the conclusion of his criminal proceeding. *See Rapp,* 539 F.2d at 1160. However, as the district court has jurisdiction over the underlying claim, Woodall's *pro se* pleading should be liberally construed as seeking to invoke the proper remedy. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *accord United States v. Clagett,* 3 F.3d 1355, 1356 n. 2 (9th Cir.1993).

2. At oral argument, the government asserted that the adoption procedure, by which local authorities voluntarily delivered the money to DEA, gave the agency jurisdiction to forfeit it under 21 U.S.C. § 881. That may well be true. *See United States v. $12,390,* 956 F.2d 801, 805 (8th Cir.1992). But it does not answer the question, by what authority under Missouri law and the Constitution did the St. Charles jailers, as bailees of an inmate's money, surrender possession of that money to another sovereign, without notice or other due process to the inmate? That question is not before us.

compel the agency to proceed by judicial condemnation. *See Robinson v. Hanrahan,* 409 U.S. 38, 40, 93 S.Ct. 30, 31, 34 L.Ed.2d 47 (1972) (due process violated when forfeiture notice mailed to the home of a defendant who was in jail throughout the proceeding); *Taft v. United States,* 824 F.Supp. 455, 465 (D.Vt. 1993); *Montgomery v. Scott,* 802 F.Supp. 930, 935-37 (W.D.N.Y.1992); *Gutt v. United States,* 641 F.Supp. 603, 606 (W.D.Va.1986). Thus, if the facts in this case are as Woodall alleges—something we cannot determine on this record—he did not receive adequate notice of the administrative forfeiture and is entitled to have the forfeiture Declaration voided.

■ Woodall also argues on appeal that DEA lacked probable cause to commence, and did not timely commence,[3] the administrative forfeiture proceeding. These issues are prematurely raised. If the DEA forfeiture is valid, then Woodall waived these possible defenses when he failed to file a timely claim and bond in accordance with 19 U.S.C. § 1608. On the other hand, if the administrative forfeiture is void because of inadequate notice to Woodall, then the district court must set aside the forfeiture Declaration and order DEA either to return Woodall's property or commence judicial forfeiture in the district court, at which time Woodall may assert whatever defenses may be available to him. *See Onwubiko v. United States,* 969 F.2d at 1399–1400.

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

---

3. Department of Justice policy specifies that written notice of intent to forfeit be provided to interested parties within 60 days of the seizure. *See* United States Department of Justice Directive No. 93–4 (Jan. 15, 1993). Woodall argues that this forfeiture was invalid because DEA waited 76 days from the date of seizure to publish notice of its intent to forfeit. *See generally James Daniel Good Real Property,* —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490; *United States v. $8,850,* 461 U.S. 555, 569, 103 S.Ct. 2005, 2014, 76 L.Ed.2d 143 (1983).