36 F.3d 1098
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred C. BRYANT, Defendant-Appellant.
 No. 94-1307.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1994.
 
 Before: BROWN, MARTIN and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Alfred C. Bryant appeals pro se from a district court judgment denying his motion to return property that was seized as part of a criminal investigation that led to his conviction on federal drug charges. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 The property seized included furs, jewelry and over $39,000 in cash. In 1991, Bryant moved for the return of his property under Fed.R.Crim.P. 41(e). The district court denied relief for lack of jurisdiction, but this court vacated that judgment and remanded the case so that the parties could demonstrate their interests in the property.
 
 
 3
 Upon remand, Bryant filed a renewed motion under Rule 41(e). In response, the government submitted a declaration by James F. Bohn, acting forfeiture counsel for the Drug Enforcement Administration ("DEA"), which indicated that the disputed property had been administratively forfeited in 1986, because it was the proceeds of a drug offense. At the district court's direction, Bryant filed an amended motion that addressed the issues raised by the response. On February 22, 1994, the district court denied Bryant's motion for counsel. It also denied his amended motion to return the disputed property because Bryant had not complied with any of the procedural requirements for challenging a civil forfeiture and had not shown any defect in the procedure that was followed by the government. It is from this judgment that Bryant now appeals.
 
 
 4
 Bryant also moves for a stay in this appeal and for a writ of mandamus. He argues that the district court has not ruled on several specific motions that should be considered as part of this appeal. However, Bryant's current motion for a stay and mandamus relief lacks merit, as the unresolved motions identified therein are either moot or irrelevant to the present appeal.
 
 
 5
 The appellee now argues that the district court lacked jurisdiction because Bryant did not file an appropriate response to the administrative forfeiture proceedings. While a jurisdictional argument may be raised at any time under Fed.R.Civ.P. 12(h), the appellee's argument goes too far in the present case. Substantive challenges to forfeitures may be foreclosed when a plaintiff fails to use the mechanism for obtaining judicial relief that is provided in the forfeiture statutes and regulations. However, "courts have entertained challenges to the adequacy of notice, reasoning that the mechanism is not available to a plaintiff who is not properly notified of the pending forfeiture." Sarit v. United States Drug Enforcement Admin., 987 F.2d 10, 17 (1st Cir.), cert. denied, 114 S.Ct. 241 (1993). One of Bryant's primary allegations is that he did not receive adequate notice of the forfeiture. Thus, the district court properly assumed jurisdiction over Bryant's claim to ascertain whether he had access to the administrative remedies that are provided by the forfeiture statutes. See United States v. Woodall, 12 F.3d 791, 793 (8th Cir.1993); United States v. Clagett, 3 F.3d 1355, 1356 (9th Cir.1993).
 
 
 6
 Nevertheless, the district court properly determined that Bryant had received adequate notice and that he had not pursued the administrative remedies that were available to him. Mr. Bohn's affidavit shows that the DEA sent notices of the administrative proceedings to Bryant's last known address and that these notices were returned by the postal service because Bryant had not provided a forwarding address. The declaration further shows that the DEA published notices in the newspaper for three consecutive weeks. Bryant does not dispute these assertions, and they show that the DEA provided him with adequate notice of the impending forfeiture proceedings. See Sarit, 987 F.2d at 13-16.
 
 
 7
 Bryant now argues that the notice was not effective because it was not attempted within a reasonable time. However, Mr. Bohn's declaration indicates that the notification procedure began only seven or eight months after the disputed property was seized. Thus, notice was attempted within a reasonable time. See United States v. One 1951 Douglas DC-6 Aircraft, 667 F.2d 502, 503 (6th Cir.1981), cert. denied, 462 U.S. 1105 (1983).
 
 
 8
 Bryant also argues that the district court improperly placed the burden of identifying the disputed property on him, rather than the government. However, the general description of the property that was included in the notices that were mailed to Bryant and published in the newspaper complied with the applicable statute and regulations. See 19 U.S.C. Sec. 1607; 21 C.F.R. Sec. 1316.75. The property was also generally described in Mr. Bohn's declaration, which was filed before Bryant's amended motion.
 
 
 9
 Bryant argues that there was insufficient proof linking the forfeited property to his drug trafficking activities. However, Bryant's failure to file an appropriate claim for the seized property, after the DEA provided adequate notice of the administrative proceedings, bars his challenge to the substantive basis of the forfeiture in the district court. See Woodall, 12 F.3d at 795; Sarit, 987 F.2d at 16-17. We also note that the district court did not abuse its discretion by denying Bryant's motion for counsel because Bryant was fully aware of the facts involved in his case and the legal issues involved were simplified by Bryant's failure to file an administrative claim. See Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir.1993).
 
 
 10
 Accordingly, Bryant's motion for a stay and for a writ of mandamus is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.