39 F.3d 1185
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Esther NOSKE, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-1695.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 6, 1994.
Filed: Oct. 31, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Esther Noske appeals from the final order entered in the District Court[1] for the District of Minnesota, denying her Fed. R. Crim. P. 41(e) motion to return property seized during the execution of a search warrant. For the reasons discussed below, we affirm.
 
 
 2
 On January 13, 1992, federal authorities from the Internal Revenue Service (IRS) executed a search warrant at the home of Noske and her children. The search warrant affidavit described a complex criminal tax avoidance scheme that Noske's children operated out of the house. Noske moved under Fed. R. Crim. P. 41(e) for return of her property, including rare coins, currency, and precious metals.
 
 
 3
 The district court concluded that, under United States v. Francis, 646 F.2d 251, 263 (6th Cir.), cert. denied, 454 U.S. 1082 (1981), an IRS lien on the coins, currency, and precious metals defeated Noske's motion for return of that property, and concluded the government reasonably retained the remaining property as evidence. Noske appeals the district court's order as to the coins, currency, and precious metals.
 
 
 4
 Generally, a Rule 41(e) motion is properly denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir. 1991). When a Rule 41(e) motion is made before an indictment is filed but during a pending investigation, the movant bears the burden of proving that he or she is entitled to lawful possession of the property. United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987). The IRS may lawfully attach property belonging to a defendant even where the seizure is unlawful; the tax lien will frustrate a motion to return the property. United States v. Francis, 646 F.2d at 263.
 
 
 5
 We conclude that the district court properly denied Noske's motion for return of the property. When the district court issued its order, the tax lien had been filed, thwarting Noske's motion. Noske may not contest the IRS levy in this proceeding, and we find no error by the district court in not exercising its equitable jurisdiction. Cf. In re Harper, 835 F.2d 1273, 1274-75 (8th Cir 1988) (rule 41(e) motion not available to contest civil forfeiture). Contrary to Noske's argument, a Rule 41(e) motion is defeated even when the motion is filed before a forfeiture action is initiated. See id.
 
 
 6
 Accordingly, we affirm the order of the district court.
 
 
 
 [1]
 The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota. On October 13, 1994, Judge Murphy was sworn in as a United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit