**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANTHONY D. HAWKS,
Claimant-Appellant,

and

17,188.00 U. S. CURRENCY,
Plaintiff,                                                    No. 95-7844

v.

UNITED STATES OF AMERICA; DRUG
ENFORCEMENT ADMINISTRATION,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-95-2500-S)

Submitted: March 29, 1996

Decided: April 18, 1996

Before MURNAGHAN, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by an unpublished per curiam opinion.

_____

**COUNSEL**

Anthony D. Hawks, Appellant Pro Se. Lynne Ann Battaglia, United
States Attorney, Andrea L. Smith, OFFICE OF THE UNITED
STATES ATTORNEY, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony D. Hawks appeals from the district court's order dismissing his motion for return of property following a summary administrative forfeiture. Before this Court, Hawks raises, for the first time, a double jeopardy challenge and moves for the production of several documents. We affirm.

In the district court, Hawks argued that the forfeited currency bore no relation to drug activity and that it was seized during a warrantless search of his home in violation of the Fourth and Fifth Amendments. The Drug Enforcement Administration (DEA) moved to dismiss, arguing that Hawks did not intervene in the forfeiture proceeding and therefore the court was without subject matter jurisdiction. Hawks responded, arguing that he did properly respond within the period prescribed by the DEA's notice of seizure. The district court, however, found that Hawks did not properly intervene and dismissed the action, relying on Matter of $67,470.00, 901 F.2d 1540, 1543-46 (11th Cir. 1990), for the assertion that this failure deprived it of subject matter jurisdiction.

Our review of the record reveals that the district court was correct in its finding that Hawks failed to properly intervene. Further, we note that although the court did have limited jurisdiction to review the forfeiture to determine whether the proper procedural safeguards were followed, Scarabin v. Drug Enforcement Admin. , 919 F.2d 337, 338 (5th Cir. 1990); see also United States v. Woodall, 12 F.3d 791, 795 (8th Cir. 1993) (holding that district courts have equitable jurisdiction to review an administrative forfeiture to determine if proper notice was provided), Hawks did not challenge the DEA's adherence to these safeguards. Rather, he raised only substantive challenges to the forfeitures. These challenges, however, were waived by Hawks' failure to intervene.**1** Woodall , 12 F.3d at 795. Thus, we find the district

_____

**1** Given this waiver, we deny Hawks' motion for production of documents because the documents he seeks relate only to substantive claims.

2

court's refusal to consider these claims and its subsequent dismissal to be proper. We therefore affirm that order.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED
_____
**2** We do not address Hawks' double jeopardy claim as it was not raised below and we find no plain error existing to warrant review of this forfeited claim. See United States v. Olano, 507 U.S. 725 (1993).

3