104 F.3d 364
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Gilbert L. DOWDY, Appellant.
 No. 96-1545.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 27, 1996.
Filed Dec. 3, 1996.
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In July 1995, Gilbert Dowdy moved pro se under Federal Rule of Criminal Procedure 41(d) and (e) for a certified inventory and return of seized property. Dowdy claimed that the government violated the Double Jeopardy Clause by pursuing additional punishment in civil forfeiture proceedings following his 1990 conviction on drug and money-laundering charges. The district court[1] denied Dowdy's motion, and we affirm. Rule 41(d) does not require the government to produce an inventory at this late date. Rule 41(e) cannot be used to challenge the results of completed judicial forfeiture proceedings. See Fed.R.Crim.P. 54(b)(5); In re Harper, 835 F.2d 1273, 1274 (8th Cir.1988). In any event, Dowdy's double jeopardy claims are foreclosed for the reasons set forth in United States v. Ursery, 116 S.Ct. 2135, 2148-49 (1996) (holding civil forfeitures under 21 U.S.C. § 881(a)(6) and (7) are neither "punishment" nor criminal for purposes of Double Jeopardy Clause).
 
 
 2
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE JOSEPH E. STEVENS, JR., United States District Judge for the Western District of Missouri