107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Maria SANCHEZ, Defendant-Appellant.
 No. 96-1342.
 United States Court of Appeals, Second Circuit.
 Jan. 8, 1997.
 
 APPEARING FOR APPELLANT: Maria Sanchez, pro se, New York, N.Y.
 APPEARING FOR APPELLEE: Thomas M. Finnegan, Asst. U.S. Atty., New York, N.Y.
 Before NEWMAN, Chief Judge and FEINBERG and McLAUGHLIN, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the orders of the District Court are hereby REVERSED and REMANDED.
 
 
 1
 Maria Sanchez appeals pro se from the March 8, 1996, order of the District Court, denying her motion for return of seized property and the April 17, 1996, order denying reconsideration of the March 8 order. The Government concedes that the matter should be remanded because Sanchez was not given adequate notice of administrative forfeiture proceedings. A notice had been mailed to her former address and returned unclaimed, but the Government had not sent notice to the New York address where she was required to reside pursuant to the conditions of her bail release order. The lack of notice to the latter address resulted in deficient notice. See Torres v. $36,256.80 United States Currency, 25 F.3d 1154, 1161 (2d Cir.1994); United States v. Woodall, 12 F.3d 791, 794 (8th Cir.1993).
 
 
 2
 Since criminal proceedings are no longer pending against Sanchez, her claim to the seized property should be treated as an independent civil action. See Soviero v. United States, 967 F.2d 791, 792-93 (2d Cir.1992). However, contrary to her claim, the dropping of criminal charges does not necessarily mean that she is entitled to the return of the seized property. That issue remains for determination upon remand.
 
 
 3
 Accordingly, we reverse and remand for further proceedings.