129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Rafael RAMAREZ-VALADEZ, Defendant-Appellant.
 No. 96-3343.
 United States Court of Appeals, Seventh Circuit.
 Submitted October 28, 1997*
Decided October 31, 1997
 
 Appeal from the United States District Court for the Eastern District of Wisconsin.
 Before POSNER, Chief Judge, BAUER and EVANS, Circuit Judges.
 ORDER
 CURRAN, Judge.
 
 
 1
 On May 10, 1996, Rafael Ramirez-Valadez (Ramirez) filed a motion under Fed.R.Crim.P. 41(e) requesting the return of a car and $7,471.00 in United States currency seized by the DEA in December of 1994. On August 30, 1996, the district court dismissed the motion for lack of jurisdiction and concluded that the forfeiture was properly carried out. On appeal, Ramirez argues that the federal district court clearly erred when it determined that he had received proper notice and therefore improperly dismissed his complaint based on the fact that the administrative forfeiture proceedings were properly carried out. We disagree with Ramirez and affirm.
 
 
 2
 In December of 1994, the DEA seized $7,471.00 and a car. Beginning in January of 1995, and in addition to placing notices in USA Today for three successive weeks, the DEA sent written notices to several addresses in an attempt to notify Ramirez of the administrative forfeiture proceedings for both the money and the car. According to the affidavit and supporting exhibits submitted by DEA Forfeiture Counsel William J. Snider, on or about January 17, 1995, Ramirez received proper notice regarding the forfeiture proceedings for the money while in custody at the Waukesha County Jail in Waukesha, Wisconsin. On February 24, 1995, as a result of no properly executed claim and cost bond having been received, the DEA issued a Declaration of Forfeiture for the money.
 
 
 3
 Additionally, according to Snider's affidavit, on or about August 8, 1995, proper notice was given to Ramirez regarding the forfeiture proceedings for the car while he was in custody at the Metro Correctional Center in Chicago, Illinois. On October 16, 1995, as a result of no properly executed claim and cost bond having been received, the DEA issued a Declaration of Forfeiture for the car. No affidavit or evidence was submitted by Ramirez to contradict Snider's affidavit. The district court concluded that Rule 41(e) was not the proper vehicle for challenging the forfeiture at issue and, in any event, Ramirez received proper notice and therefore the properly conducted administrative forfeiture proceedings deprived the court of jurisdiction. Ramirez appeals the decision, claiming that he did not receive proper notice and that Linarez v. Dep't of Justice, 2 F.3d 208 (7th Cir.1993) has been overruled sub silentio by United States v. Woodall, 12 F.3d 791 (8th Cir.1993) and therefore properly conducted administrative procedures no longer deprive federal courts of jurisdiction. Such a contention is without merit. While decisions from our sister circuits are often informative, they are never binding. Therefore, Linarez remains the law of this circuit.
 
 
 4
 In order for Ramirez to prevail, we must reverse the district court's determination that he received proper notice of the administrative forfeiture proceedings. This court reviews factual findings by the district court for clear error. See United States v. Rivers, 121 F.3d 1043, 1044 (7th Cir.1997). Especially in light of the fact that Ramirez submitted no affidavits or evidence contradicting the government's records, we cannot find any clear error in the district court's factual finding that Ramirez received proper notice.
 
 
 5
 Given that Ramirez received proper notice, the forfeiture proceedings for both the car and the money were properly carried out. Contrary to Ramirez's assertion that Linarez has been overruled, it still remains that properly conducted administrative forfeiture proceedings deprive the federal courts of jurisdiction to entertain complaints about the disposition of the property subject to those proceedings. See Linarez 2 F.3d at 211-13. Therefore, the district court was correct in dismissing the action for lack of jurisdiction.
 
 
 6
 Given that the district court did not have jurisdiction to hear Ramirez's complaint, it is unnecessary to determine whether Rule 41(e) was the proper vehicle to challenge the forfeitures at issue.
 
 
 7
 In light of our disposition here, defendant's motion to strike short appendix materials of United States and Record is denied as moot.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)