# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1729

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *   Appeal from the United States
      v.                           *   District Court for the
                                   *   Eastern District of Missouri.
James D. Litchfield,               *        [UNPUBLISHED]
                                   *
            Appellant.             *

_____

Submitted: February 7, 2005
Filed: February 28, 2005

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

James D. Litchfield appeals the district court's denial of his motion for return of property. In his February 2004 motion Litchfield alleged that, incident to his March 18, 2003 arrest, Drug Enforcement Administration (DEA) agents seized $3,222 in cash from him. He argued that the cash should be returned because it was no longer needed as evidence and it was not the proceeds of any illegal activity or crime, but rather it represented wages from employment. The government responded that Litchfield's motion should be dismissed because the cash had been administratively forfeited. The district court summarily denied Litchfield's motion. Litchfield timely moved for reconsideration, but the district court denied

reconsideration as well. In both his response to the government and in his motion for reconsideration, Litchfield questioned the adequacy of the government's service of forfeiture papers. We interpret this as a due process challenge.

Although the district court could not review the merits of the administrative forfeiture, see Muhammed v. DEA, 92 F.3d 648, 651 (8th Cir. 1996) (courts may not review merits of forfeiture), the court could consider a due process attack on the administrative forfeiture, see United States v. Woodall, 12 F.3d 791, 793-94 (8th Cir. 1993), abrogated in non-pertinent part by Dusenbery v. United States, 534 U.S. 161, 172-73 & n.3 (2002). Accordingly, we reverse and remand for consideration of Litchfield's due process challenge. We also deny Litchfield's motion to supplement his reply brief.

_____