# United States Court of Appeals for the Federal Circuit

05-1104


HARVEY DUMARCE, KENNETH ERVIN DUMARCE,
COLLEEN RENVILLE DUMARCE, PAMELA RENVILLE,
and DENNIS L. DUMARCE, SR.,

Plaintiffs-Appellees,

v.

DIRK KEMPTHORNE, Secretary of the Interior,
DEPARTMENT OF THE INTERIOR,
and UNITED STATES,

Defendants-Appellants.


David P. Graham, Oppenheimer Wolff & Donnelly LLP, of Minneapolis, Minnesota, filed a petition for rehearing en banc for plaintiffs-appellees. With him on the petition was David A. Prange.

Kathryn E. Kovacs, Attorney, Appellate Section, Environment & Natural Resources Division, United States Department of Justice, of Washington, DC, filed a response to the petition for defendants-appellants. With her on the response was Sue Ellen Wooldridge, Assistant Attorney General.

Appealed from: United States District Court for the District of South Dakota

Judge Charles B. Kornmann

# United States Court of Appeals for the Federal Circuit

2005-1104

HARVEY DUMARCE, KENNETH ERVIN DUMARCE,
COLLEEN RENVILLE DUMARCE, PAMELA RENVILLE,
and DENNIS L. DUMARCE, SR.,

Plaintiffs-Appellees,

v.

DIRK KEMPTHORNE, Secretary of the Interior,
DEPARTMENT OF THE INTERIOR,
and UNITED STATES,

Defendants-Appellants.

ON PETITION FOR REHEARING EN BANC

Before MICHEL, Chief Judge, NEWMAN, MAYER, LOURIE, RADER, SCHALL,
BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, Circuit Judges.

O R D E R

A petition for rehearing en banc was filed by the Appellees, and a response thereto was invited by the court and filed by the Appellants. The matter was referred first as petition for panel rehearing to the panel that heard the appeal, and thereafter the petition for rehearing en banc and response were referred to the circuit judges who are authorized to request a poll whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)  The petition for rehearing is denied.

(2)  The petition for rehearing en banc is denied.

(3)  The mandate of the court will issue on October 11, 2006.

GAJARSA, <u>Circuit Judge</u>, dissents in a separate opinion, in which NEWMAN, <u>Circuit Judge</u>, joins.


                                        FOR THE COURT


  <u>Oct  4  2006</u>                          <u>s/Jan Horbaly</u>
        Date                              Jan Horbaly
                                        Clerk


cc:    David P. Graham, Esq.
       Kathryn E. Kovacs, Esq.

# US COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2005-1104

HARVEY DUMARCE, KENNETH ERVIN DUMARCE,
COLLEEN RENVILLE DUMARCE, PAMELA RENVILLE,
and DENNIS L. DUMARCE, SR.,

Plaintiffs-Appellees.

v.

P. LYNN SCARLETT, Acting Secretary of the Interior,
DEPARTMENT OF THE INTERIOR,
and
UNITED STATES,

Defendants-Appellants.

GAJARSA, Circuit Judge, with whom Circuit Judge NEWMAN joins, dissents from the denial of en banc hearing.

I must dissent from the failure of this court to review this matter en banc. I believe that the panel's decision reversing the district court's judgment in this case merits reconsideration en banc in light of the Supreme Court's recent decision in Jones v. Flowers, 126 S. Ct. 1708 (2006). The due process principles announced in Jones suggest that the notice provided by the government to the plaintiffs in this case was constitutionally inadequate. If the notice failed the requirements of due process, it certainly also violated the government's fiduciary duty to inform DuMarce of all the facts giving rise to her cause of action. Violation of that fiduciary duty, in turn, requires the

equitable tolling of the statute of limitations.  See Menominee Tribe of Indians v. United States, 726 F.2d 718, 721 (Fed. Cir. 1984).

In Jones, the Supreme Court notes the long-settled principle that notice of a deprivation "must be such as one desirous of actually informing" the recipient "might reasonably adopt to accomplish it," and must take "due regard for the practicalities and peculiarities" of the individual circumstances.  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950).  Jones addresses whether one particular "circumstance and condition"—knowledge by the state that its initial attempt to provide notice of a property forfeiture has failed—acts to vary the constitutionally required notice.  Jones, 126 S. Ct. at 1714.  It holds that such knowledge does increase the notice due, requiring the government to take enhanced measures to provide notice.  Id. at 1718.

Dumarce's case, like Jones's, involves a property forfeiture.  The question is whether the notice provided to DuMarce was constitutionally adequate in light of the "circumstances and conditions" in which it was delivered.  I believe that it was not, and that the principles of Jones required us to  reconsider DuMarce's case en banc.

The government's notice to DuMarce in this case stated simply that "[p]art of [her father's] land interests in the Sisseton Reservation are subject to Pub. L. 98-513 . . . .  In addition, if the decedent's interest in a parcel of land amounts to less than 2 ½ acres, then such interest escheats to the Tribe. . . .  Therefore, as set forth above, the decedent's respective interests . . . shall escheat to the United States."

Few lay people would understand the drastic import of the legalism "escheat."  One enterprising enough to consult a common dictionary in 1987 would have found the

following unilluminating definition: "1: escheated property  2 a: the reversion of lands in English feudal law to the lord of the fee when there are no heirs capable of inheriting under the original grant  b: the reversion of property to the crown in England or to the state in the U.S. when there are no legal heirs."  Webster's Ninth New Collegiate Dictionary at 424 (1985).

Nothing in the notice or in the definition of "escheat" makes clear to the recipient the critical fact that the federal government will take her land without compensation.  It is the fact of noncompensation that gives rise to DuMarce's takings claim and is therefore the relevant fact in determining when her cause of action accrued.  It is arguable, in my judgment, whether the government's notice to DuMarce was sufficient under any "circumstances and conditions."  It seems clear to me under the principles of Jones that such a notice is insufficient where, as here, the relevant "circumstance and condition" is the fiduciary relationship between the government and the recipient.

In Jones, the Supreme Court emphasizes that the amount and nature of notice required by due process must take into account "unique information about an intended recipient regardless of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case."  Jones, 126 S. Ct. at 1716.  A fiduciary relationship between the government and the intended recipient certainly constitutes such "unique information"—especially in light of other relationships that have been consistently held to increase the government's notice obligations.  Where, for example, the notice recipient is a ward of the state (such as a prisoner), the government has been held to a higher standard of notice.  See, e.g., Weng v. United States, 137 F.3d 709 (2d Cir. 1998) (holding that where the recipient is a federal prisoner, the government is required

to provide him with actual notice of a deprivation); <u>United States v. Woodall</u>, 12 F.3d 791, 794-95 (8th Cir. 1993) (same).  It would be a strange result indeed if the government's role as prison warden increases its duty to provide adequate notice, but its role as trustee to Native Americans does not.

In short, I believe that the Supreme Court's decision in <u>Jones</u> requires us to conclude that the notice of forfeiture provided to DuMarce was constitutionally inadequate in the context of the "practicalities and peculiarities" of her situation—namely, the government's fiduciary duty to her as trustee.  <u>Id.</u>  A notice that was even arguably inadequate as a matter of minimum constitutional requirements could not possibly satisfy the government's independent fiduciary duty to inform DuMarce of all the facts giving rise to her cause of action.  The government's failure to satisfy its fiduciary duty renders DuMarce's ignorance of the relevant facts excusable, and acts to toll the applicable statute of limitations.  <u>See</u> <u>Menominee Tribe of Indians</u>, 726 F.2d at 721.

For these reasons, I believe the court should consider this matter <u>en</u> <u>banc</u>.