97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Dean DUSENBERY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-4188.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1996.
 
 N.D.Ohio, No. 95-01872; David D. Dowd, Jr., Judge.
 N.D.Ohio
 VACATED.
 Before: GUY, RYAN, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Larry Dean Dusenbery appeals a district court order denying his motion for return of property filed pursuant to Fed.R.Crim.P. 41(e). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Dusenbery filed his Rule 41(e) motion, requesting the return of property seized by the Federal Bureau of Investigation (FBI) in April 1986. The district court determined that it lacked jurisdiction to entertain Dusenbery's motion because a Rule 41(e) motion was not the proper remedy for seeking return of his property. Consequently, the court denied the motion. Dusenbery has filed a timely appeal.
 
 
 3
 Upon review, we determine that the district court improperly concluded that it lacked jurisdiction to consider Dusenbery's Rule 41(e) motion. This court reviews a district court's determination that it lacked jurisdiction to consider a Rule 41(e) motion for an abuse of discretion. See Frazee v. Internal Revenue Serv., 947 F.2d 448, 449 (10th Cir.1991).
 
 
 4
 The district court abused its discretion in denying Dusenbery's motion for lack of jurisdiction. In his Rule 41(e) motion, Dusenbery alleged that the defendant forfeited his property without giving him adequate notice of the forfeiture. While the district court concluded that it lacked jurisdiction because Dusenbery had not followed the procedures for seeking judicial relief set forth in the forfeiture statute and regulations, Dusenbery argues that he was unable to comply with these procedures because he never received notice of the forfeiture of his property.
 
 
 5
 Since Dusenbery was raising a due process challenge to the forfeiture, the district court had jurisdiction to consider his claims. While most judicial challenges to a forfeiture are foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statute and regulations, the federal courts have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice. United States v. Giraldo, 45 F.3d 509, 511 (1st Cir.1995) (per curiam); Toure v. United States, 24 F.3d 444, 445-46 (2d Cir.1994) (per curiam); United States v. Woodall, 12 F.3d 791, 793 (8th Cir.1993). Although Dusenbery cannot pursue his claim in a Rule 41(e) motion because criminal proceedings against him have been completed, the district court should have construed his motion as a civil complaint seeking equitable relief. Thompson v. Covington, 47 F.3d 974, 975 (8th Cir.1995) (per curiam); Giraldo, 45 F.3d at 511; Toure, 24 F.3d at 445.
 
 
 6
 Additionally, in order to assist the district court upon remand, we make several comments concerning the current state of the record. The record reveals that, in April 1986, the FBI conducted a search of Dusenbery's trailer in Atwater, Ohio and seized $21,940, a 1984 Chevrolet Monte Carlo, and a large number of Dusenbery's personal items. The government acknowledges that it subsequently forfeited this property as proceeds of drug trafficking. Although Dusenbery argues that he was not aware of these forfeiture proceedings, the government submits that it provided Dusenbery with adequate notice of the forfeiture of his property.
 
 
 7
 Before the government forfeits property, due process requires that the government provide notice which is reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Giraldo, 45 F.3d at 511. Further, if the government is incarcerating a property owner when it elects to pursue a forfeiture action against his property, fundamental fairness requires that the defendant receive actual notice of the agency's attempt to forfeit. Id.; Woodall, 12 F.3d at 794-95. The government cannot assert that it was unaware of a property owner's location when he is incarcerated in a federal facility. See Torres v. $36,256.80 U.S. Currency, 25 F.3d 1154, 1160-61 (2d Cir.1994).
 
 
 8
 The evidence presently in the record does not appear to support the government's contention that Dusenbery had actual notice of his currency's forfeiture. The government provided evidence that, in November 1988, it sent notice of the forfeiture to three separate locations. One notice was mailed to Dusenbery's home in Atwater, Ohio; however, this certified mail was returned unclaimed. A second notice was mailed to Dusenbery at a residence in Randolph, Ohio; while this certified mail was signed for by an Edward Clouse, no evidence exists in the record concerning Clouse's relationship with Dusenbery or if Clouse ultimately provided this notice to Dusenbery. The third notice was sent to Dusenbery at the Federal Correctional Institution (FCI) in Milan, Michigan. While it is undisputed that Dusenbery was incarcerated at FCI Milan during this time, he notes that the certified mail gives an inaccurate P.O. Box for the facility. Further, the certified mail receipt contains an illegible signature. The government has not provided any additional evidence attempting to show who signed for the letter or the standard procedure for processing such a letter once it arrived at the facility. Therefore, from the evidence in the record, it is not clear that: 1) the certified mail arrived at Milan, 2) a prison employee signed for it, or 3) the notice was ultimately forwarded to Dusenbery through the prison mail system. Lastly, the government did publish notice of the forfeiture in the Cleveland Plain Dealer on three separate occasions. However, as the government knew or should have known that Dusenbery was incarcerated at FCI Milan, it is not clear that publication in an Ohio newspaper was sufficient to provide Dusenbery with notice.
 
 
 9
 The evidence supporting the notice provided by the government for the forfeiture of Dusenbery's Monte Carlo appears even more attenuated. First, the government mailed notices to Dusenbery in Randolph, Ohio and Atwater, Ohio, although the record does not reflect that anyone received and signed for this certified mail. Second, the government mailed notice to Alma Dusenbery, but the record does not reflect her relationship to Dusenbery nor does it show that she actually received this notice. Third, the government sent notice to Dusenbery at the Portage County Jail in January 1987, but the record again does not contain any signature on certified mail demonstrating receipt of this notice. Further, Dusenbery submits that he was not located at the Portage County Jail during this time but was rather incarcerated at the FCI in Ashland, Kentucky. Lastly, the government again published notice of the forfeiture on three separate occasions in the Cleveland Plain Dealer, which appears insufficient to provide notice for a prisoner incarcerated in another state.
 
 
 10
 We also note that the government has not provided any evidence that it gave Dusenbery notice of the forfeiture of his personal property. Consequently, we remand this case to the district court so it can construe the matter as a civil action seeking equitable relief and determine whether the government provided Dusenbery with actual notice of the various forfeitures.
 
 
 11
 Accordingly, this court vacates the district court's judgment and remands this case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.