108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven E. WILLIAMS, Defendant-Appellant.
 No. 96-1836.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 18, 1997.*
Decided March 19, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Steven E. Williams, was convicted of conspiracy to possess marijuana with the intent to distribute in violation of 21 U.S.C. § 846, attempted possession of marijuana with the intent to distribute in violation of 21 U.S.C. 841(a)(1), and two counts of using and carrying a firearm during a drug offense in violation of 18 U.S.C. § 924(c)(1). In September 1995, Williams filed a motion for return of property contending that he was entitled to possession of the $60,000 that was seized by law enforcement agents at the time of his arrest. The district court denied Williams' motion based on its finding that the government had properly followed the procedures for issuing a Declaration of Forfeiture. Williams appeals, arguing that he was deprived of due process when he failed to receive adequate notice of the forfeiture proceedings.[1] We reverse and remand, finding that the notice sent by the government did not meet the minimum due process requirements.
 
 
 2
 In October 1990, Williams and seven other individuals were arrested by federal and state law enforcement agents after attempting to purchase over 500 pounds of marijuana from an undercover agent. At the time of the arrest, Williams had in his possession a red bag containing $60,000 that was subsequently seized by the arresting agents. Williams made a motion for return of property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure.[2] Williams asserted that he was entitled to lawful possession of the money because it belonged to him and the government no longer needed to retain the property as all criminal proceedings were final. The government responded that the Drug Enforcement Administration ("DEA") properly seized the money pursuant to its authority under 19 U.S.C. § 1600 et. seq.[3] (Government's Response to Defendant's Motion for Return of Property, R. 307; Appellant's Br., App. at A12.) Section 1607(a) states that a notice of seizure shall be "published for at least three successive weeks ... [and that] [w]ritten notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article."
 
 
 3
 William J. Snider, Forfeiture Counsel of the DEA, asserted in an affidavit that "[o]n January 25, 1991, written notice of this seizure was sent by certified mail, return receipt requested, to Steven Williams, 6556 South Peoria, Chicago, Illinois 60621.... This notice was returned to DEA stamped 'Return to Sender. No Such Number.' " (Declaration of William J. Snider, Appellant's Br. at A21, A22-23.) The DEA made no further attempts to send notice of seizure to Williams or his attorney, despite the fact that Williams' address was readily available in his Appearance Bond and Order Setting Conditions of Release (R. 123; R. 124), and his attorney's address was also available from the district court record in the Presentence Report (R. 318, Ex. 2 at cover page).
 
 
 4
 Following the DEA's unsuccessful effort to give notice, the government published the notice of seizure for the $60,000 for three successive weeks in a newspaper of general circulation as required by § 1607(a). (Declaration of William J. Snider, Appellant's Br. at A23.) This publication stated that the last day to file a claim was February 19, 1991. "If no party files a claim asserting an interest in the property within twenty days of the first publication, DEA may declare the property forfeited." United States v. Woodall, 12 F.3d 791, 793 (8th Cir.1993) (citing 19 U.S.C. § 1609). On March 8, 1991, the DEA, having received no properly executed claim and cost bond, issued a Declaration of Forfeiture stating that the $60,000 was forfeited to the United States pursuant to § 1609. (Declaration of William J. Snider, Appellant's Br. at A23.) The district court denied Williams motion and stated that the DEA had properly conducted an administrative forfeiture.
 
 
 5
 Williams then filed a motion for reconsideration and a subsequent document entitled "Supplemental Pleading to Second Motion for Reconsideration" asserting that the government had sent the notification of seizure to an address other than his legal residence of 5137 S. Emerald, Chicago, Illinois 60609. (R. 318, Ex. 2 at cover page, 1-2; Appellant's Br. at 4.) Williams asserted that the district court erroneously denied his motion and that his due process rights were violated because the DEA incorrectly mailed the notice of seizure to an address other than his legal residence, when information providing both his and his lawyer's correct mailing address was readily available. (R. 318 at 3.)
 
 
 6
 On appeal,[4] Williams argues that he was denied his right to due process because he was out on bond from December 27, 1990 to February 11, 1991, at his Chicago home and never received notice of any kind of the government's intent to seize the money.[5] (Appellant's Br. at 4; Appellee's Br. at 4; Presentence Investigation Report, R. 318, Ex. 2 at 1-2.) The appellee now concedes that it appears that the DEA's procedure in this case was not reasonably calculated under all the circumstances to notify Williams of the impending forfeiture action because the notice it sent to Williams was returned marked "no such number" and the DEA had access to his correct address. (Appellee's Br. at 19-20.)
 
 
 7
 "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). "More specifically, Mullane held that notice by publication is not sufficient with respect to an individual whose name and address are known or easily ascertainable." Robinson v. Hanrahan, 409 U.S. 38, 40 (1972). Even where formal procedures are followed, a notice will be overturned under an implicit bad faith standard if the "notifying party knew or had reason to know that notice would be ineffective." Sarit v. U.S. Drug Enforcement Admin., 987 F.2d 10, 14 (1st Cir.1993). In determining whether the notice satisfied due process, the likely effectiveness of the notice is measured at the time the notice was sent. Id.
 
 
 8
 "When the government has actual knowledge of an interested party's whereabouts at the time forfeiture is commenced, failure to direct the statutorily required personal notice to that address cannot be considered compliance with either the statute or minimum due process standards." Woodall, 12 F.3d at 794 (8th Cir.1993) (remanding case to district court to determine if the notice requirements of 19 U.S.C. § 1607(a) were met). Additionally, in those situations where the government is incarcerating or prosecuting the property owner at the time it initiates a forfeiture proceeding, "fundamental fairness surely requires that either the defendant or his counsel receive actual notice of the agency's intent to forfeit in time to decide whether to compel the agency to proceed by judicial condemnation." Id. at 794-95.
 
 
 9
 We conclude that the notice of forfeiture proceedings in this case did not satisfy the minimum due process requirements and that the district court must therefore set aside the forfeiture declaration and order the DEA to either return the money to Williams or commence judicial forfeiture in the district court, at which time Williams would be entitled to assert whatever defenses may be available to him. Woodall, 12 F.3d at 795. Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this order.
 
 
 10
 REVERSED and REMANDED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In a separate petition for a writ of habeas corpus Williams also challenges his § 924(c) conviction due to the Supreme Court's holding in Bailey v. United States, 116 S.Ct. 501 (1995)
 
 
 [2]
 Rule 41(e) states, "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court ... for the return of the property on the ground that such person is entitled to lawful possession of the property."
 
 
 [3]
 Seizure of money intended to be furnished in exchange for a controlled substance is to be accomplished through the application of 19 U.S.C. § 1600 et. seq. 21 U.S.C. § 881(d)
 
 
 [4]
 Although Williams' notice of appeal states that he only appeals the denial of his motion for reconsideration, we treat this appeal as being taken from the underlying judgment itself. See Petru v. City of Berwyn, 872 F.2d 1359, 1361 (7th Cir.1989)
 
 
 [5]
 In Williams' reply to the government's response to the motion for return of property (Appellant's Br., App. at 15), and on page three of his appellate brief, he mistakenly asserts that he was released on bond on December 21, 1990