**UNITED STATES of America,
Plaintiff,**

v.

**Larry Dean DUSENBERY, Defendant.**

**No. 5:91–CR–291–01.**

United States District Court,
N.D. Ohio,
Eastern Division.

July 28, 1998.

Elmer Angelo Giuliani, Cleveland, OH,
for Edward Clouse, party in interest.

James R. Wooley, James L. Morford, Office of the U.S. Atty., Cleveland, OH, for U.S.

## MEMORANDUM & ORDER

O'MALLEY, District Judge.

In 1990 and 1992, the government obtained administrative civil forfeiture of several pieces of property ostensibly owned by defendant Larry Dusenbery. Subsequently, Dusenbery filed a motion for return of this property, arguing he had not received notice of the forfeitures and was thus denied due process of law. Judge Bell of this Court denied Dusenbery's motion, but the Sixth Circuit Court of Appeals reversed and remanded.[1]

The government now moves for summary judgment on the ultimate question of the propriety of the forfeitures (docket no. 557). For the reasons stated below, the Court finds the government's arguments well-taken. Accordingly, the government's motion for summary judgment is **GRANTED,** and Dusenbery's motion for return of his property is denied. Dusenbery's cross-motion for summary judgment (docket no. 566) is **DENIED.**

## I. PROCEDURAL BACKGROUND

To understand the procedural background of this case, the Court must first refer to an earlier, separate case involving Dusenbery. In 1986, Dusenbery was convicted on narcotics charges involving the possession and distribution of cocaine. *United States v. Dusenbery,* case no. 86–CR–102 (N.D.Ohio 1986). In connection with this conviction, the government obtained civil forfeiture of several pieces of personal property, including $21,940.00 in U.S. currency and a 1984 Chevrolet Monte Carlo. Dusenbery later moved for a return of this property, claiming that the forfeited property was his and that the government's forfeiture proceedings were improper. Judge Dowd of this Court denied Dusenbery's motion for return of property, based on lack of jurisdiction, but the Sixth Circuit Court of Appeals reversed. *See Dusenbery v. United States,* 97 F.3d 1451, 1996 WL 549818 (6th Cir. 1996) (vacating Judge Dowd's order and remanding for further proceedings). Judge Dowd then conducted evidentiary hearings regarding Dusenbery's motion for return of property. *See Dusenbery v. United States,* Case No. 5:95–CV–1872, transcript at 2, 5, 22 (N.D.Ohio July 23, 1997) (Dowd, J.) (evidentiary hearing transcript). The Court refers below to all of these earlier proceedings as *Dusenbery I.*

Subsequently, in 1994, Dusenbery appeared before Judge Sam H. Bell of this Court and was convicted of engaging in a continuing criminal enterprise ("CCE")—the purpose of the enterprise being to distribute cocaine and cocaine base. This conviction and sentence were affirmed on appeal. *United States v. Dusenbery,* 89 F.3d 836, 1996 WL 306517 (6th Cir.1997), *cert denied,* 519 U.S. 956, 117 S.Ct. 375, 136 L.Ed.2d 264 (1996). In connection with Dusenbery's CCE conviction, the government again sought and obtained civil forfeiture of several items of Dusenbery's property. Specifically, these items included: (1) $18,672.74 in U.S. currency, seized on July 9, 1990, and forfeited on October 19, 1990; (2) $80,141.93 in U.S. currency, seized on July 9, 1990, and forfeited on October 19, 1990; (3) a 1990 Oldsmobile Delta 88 convertible, seized on October 10, 1991, and forfeited on April 20, 1992; (4) a 1956 Chevrolet Corvette convertible, seized on October 21, 1991, and forfeited on April 28, 1992; and (5) a $20,754.23 National City Bank Cashier's check, listed in the name of Dusenbery and Edward

---

1. The Sixth Circuit Court of Appeals remanded with instructions to hold an evidentiary hearing on the adequacy of notice received by Dusenbery, but subsequent events have proved such a hearing unnecessary, for two reasons. First, as outlined below, documentary evidence filed by the government, alone, reveals that Dusenbery never received actual notice of the pending forfeitures of his property. As a matter of law, these notices were thus constitutionally insufficient, no hearing is necessary to further prove this insufficiency. Second, the government's motion for summary judgment *assumed* insufficient notice. Thus, for the purpose of ruling on the government's motion, no hearing is necessary.

Clouse, seized on August 8, 1990, and forfeited on July 29, 1992.

As he had in *Dusenbery I*, Dusenbery filed a Rule 41(e) motion for return of property. Dusenbery asserted that the FBI had improperly seized the five items of his property because it had failed to adequately notify him of the proposed forfeitures. On August 5, 1996, Judge Bell denied Dusenbery's motion for return of property, concluding that the government had properly carried out the forfeiture process and that Dusenbery had received adequate notice of each proposed forfeiture. Dusenbery appealed this ruling, and the Sixth Circuit Court of Appeals found his appeal well-taken. The Court of Appeals held that, "under all the circumstances of this case, the record before this court does not establish that Dusenbery was provided constitutionally adequate notice of the seizures and impending forfeitures at issue." *United States v. Dusenbery*, 114 F.3d 1189, 1997 WL 321148 at *2 (6th Cir.1997). The Court of Appeals ended its opinion with the following mandate: "[t]he case is remanded for an evidentiary hearing as to the constitutional sufficiency of the government's notice[s of forfeiture] to Dusenbery. If the district court determines that [these] notice[s] [were] insufficient, Dusenbery should be given an opportunity to contest the forfeitures at this time." *Id.* at *3.

In preparation for the evidentiary hearing, this Court[2] ordered the government to file a list of those witnesses it intended to call at the evidentiary hearing, and also a copy of all documents upon which it intended to rely. The government did so. Just before the evidentiary hearing was scheduled to occur, however, the government filed the pending motion for summary judgment. In this motion, the government argues that *even if* its notices of forfeiture to Dusenbery were constitutionally insufficient, it is still entitled to forfeiture of the seized properties because there is no factual dispute that the properties are proceeds of criminal activity. The Court examines this argument below, in light of the undisputed facts in this case.

## II. FACTUAL BACKGROUND

In *Dusenbery I*, Dusenbery was arrested and ultimately convicted on narcotics charges. The 1986 trial record reveals that, beginning in 1983, Dusenbery made his living by distributing cocaine. In connection with this 1986 conviction, Dusenbery was incarcerated at the Ashland Federal Correctional Institute in Kentucky. *United States v. Dusenbery*, 89 F.3d 836, 1996 WL 306517 at *1 (6th Cir.1996). Despite his incarceration, Dusenbery continued to oversee and operate his cocaine distribution business. *Id.*

In 1991, Dusenbery and seven co-defendants were charged in a twenty-seven count indictment with various drug trafficking offenses in connection with the drug-related activities Dusenbery conducted while imprisoned. Dusenbery was charged with conducting a continuing criminal enterprise ("CCE"), conspiracy to distribute cocaine, and unlawful use of communications facilities. Among Dusenbery's co-defendants were his mother, Mary Dusenbery, and his mother's boyfriend, Edward Clouse. After a four day trial, a jury found Dusenbery guilty of both the conspiracy and the CCE charges. On July 28, 1994, the trial court dismissed the conspiracy count on the government's motion, and sentenced Dusenbery to 480 months imprisonment on the CCE count. Dusenbery was to serve this sentence consecutively to the sentence he was currently serving.

On July 10, 1996, Dusenbery then filed his Rule 41(e) motion for the return of the five items of property seized and forfeited in connection with his CCE conviction. Dusenbery alleged that the FBI had denied him due process of law by failing to give him notice of the government's proposed forfeitures of his property. In re-

---

**2.** After remand, Dusenbery filed a motion for Judge Bell to recuse himself from this case. Judge Bell granted the motion, and the case was reassigned to the undersigned.

sponse to Dusenbery's motion, the government argued that it had properly notified Dusenbery of the forfeiture proceedings. The government asserted that it sent personal notice to Dusenbery's mother as well as to Dusenbery himself at the Milan Federal Correctional Institute ("Milan FCI"), where the government maintained he was incarcerated at the time. The government also stated that it published notice of the proposed forfeitures in the *Cleveland Plain Dealer*. Finally, the government argued that Dusenbery had notice of the forfeiture proceedings through evidence presented at his criminal trial.

In his reply, Dusenbery argued that he never received the mailed forfeiture notices because two of them were sent to the wrong post office box in Milan, and the other three were sent to Milan FCI at a time when, as the government was aware, Dusenbery had been transferred to a local jail to await his trial. As mentioned, on August 5, 1996, Judge Bell denied Dusenbery's 41(e) motion. After Dusenbery filed his appeal, the case was remanded to this Court for an evidentiary hearing on the issue of the adequacy of notice. Just before the evidentiary hearing was to occur, the government filed its pending motion for summary judgment.

On July 23, 1997, Judge David Dowd conducted an evidentiary hearing with respect to the property seized in connection with *Dusenbery I*. At this hearing, Dusenbery testified under oath that, to purchase the 17 items of personal property and the 1984 Chevrolet Monte Carlo seized in connection with his 1986 conviction, he had used money he earned through selling drugs. Tr. at 11–22. Dusenbery also testified that the last time he was lawfully employed was between 1981 and 1982, when he worked at a bakery and helped another individual remodel houses. *Id.* at 16. Dusenbery has not been released from prison since his 1986 conviction.[3]

---

**3.** To complete the record, Dusenbery was convicted on bank fraud charges in 1983 and served time in connection with this offense from 1983–1984. After his release in 1984, he reentered prison in 1986. Dusenbery, however, did not testify that he engaged in any lawful employment during the time of his release.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

Rule 56(e) specifies the materials properly submitted in connection with a motion for summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

However, the movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–44 (6th Cir.1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. 2505.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir.1989) (citing *Frito–Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C.Cir.1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F.Supp. 1, 4 (S.D.Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

## IV. NOTICE

As noted, the government argues that, even if its notices of forfeiture to Dusenbery were constitutionally insufficient, it is still entitled to forfeiture of the seized properties. This Court, however, will not simply assume the government's notices were insufficient, because the Sixth Circuit Court of Appeals explicitly mandated that the Court determine the constitutional sufficiency of the government's forfeiture notices. The Court's review of the evidence leads it to conclude that the government's notices were insufficient to comport with the Supreme Court's standards of due process.[4]

■ 19 U.S.C. § 1607(a) authorizes forfeiture of property only upon notice to the property owner. For property valued at $500,000 or less,

the appropriate customs officer shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct. Written notice of the seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article.

19 U.S.C. § 1607(a). The property "may be forfeited by the seizing agency *if proper notice of the seizure and intent to forfeit is given* and no person files a claim to the property, accompanied by a cost bond, within the allotted time period." *Weng v. United States*, 137 F.3d 709, 712 (2nd Cir. 1998) (emphasis added) (citation and internal quotation marks omitted). Thus, in order for the government to successfully forfeit personal property based on the failure of a claimant to file a claim, the government must first properly notify all in-

---

4. As noted above in footnote 1, the Court concludes that an evidentiary hearing is not necessary because, as outlined below, the documents filed by the government, alone, reveal that Dusenbery never received actual notice of the pending forfeitures of his property. As a matter of law, these notices were thus constitutionally insufficient.

terested parties of the proposed forfeiture proceedings.

This notice requirement stems from the Constitution's guarantee of due process. The Supreme Court has held that "there can be no doubt that at a minimum [due process] require[s] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 70 S.Ct. 652 (citations omitted).

Generally, when "the government seeks the traditionally disfavored remedy of forfeiture, due process protections ought to be diligently enforced, and by no means relaxed." *Armendariz–Mata v. U.S. Dept. of Justice, Drug Enforcement Administration,* 82 F.3d 679, 683 (5th Cir.1996), *cert. denied,* 519 U.S. 937, 117 S.Ct. 317, 136 L.Ed.2d 232 (1996) (quoting *United States v. Borromeo,* 945 F.2d 750, 752 (4th Cir. 1991)). Still, courts disagree as to what constitutes proper notice in forfeiture proceedings against a prisoner. On one extreme, courts have held that due process does not require that prisoners have *actual* notice of forfeiture proceedings initiated against their property. "[D]ue process does not require that the interested party actually receive the notice. So long as the government acted reasonably in selecting the means likely to inform [the] persons affected ... then it has discharged its burden." *United States v. Clark,* 84 F.3d 378, 380–81 (10th Cir.1996) (citations and internal quotation marks omitted).

Other courts, however, have held the government to a higher standard. As stated by the Second Circuit, "[w]e do not agree that a federal agency's mailing of a notice of forfeiture to a federal correctional institution where the property owner is detained constitutes adequate notification of the forfeiture if the notice is not *in fact* delivered to the prisoner-owner." *Weng,* 137 F.3d at 714 (emphasis added). "[T]he mere mailing of notice—even with a required return receipt signed not by the addressee but by the institution—does not satisfy the requirement of *Mullane* that the means of giving notice 'be such as one desirous of actually informing [the owner] might reasonably adopt.'" *Id.* at 715 (quoting *Mullane,* 339 U.S. at 315, 70 S.Ct. 652). The First Circuit and Eighth Circuits have taken the same stance:

> If the government is incarcerating or prosecuting the property owner when it elects to impose the additional burden of defending a forfeiture proceeding, fundamental fairness surely requires that either the defendant or his counsel receive *actual notice* of the agency's intent to forfeit in time to decide whether to compel the agency to proceed by judicial condemnation.

*United States v. Giraldo,* 45 F.3d 509, 511 (1st Cir.1995) (emphasis added) (quoting *United States v. Woodall,* 12 F.3d 791, 794–95 (8th Cir.1993)).

■ This Court agrees that due process requires the government to give *actual notice* to an inmate whose property it seeks to forfeit. The Sixth Circuit, in fact, has held that, "when the government is incarcerating the property owner, fundamental fairness requires that the defendant or his counsel receive *actual notice* of the forfeiture action." *United States v. Ray,* 114 F.3d 1190, 1997 WL 259361, at *1 (6th Cir.1997) (quoting *Giraldo,* 45 F.3d at 511; *Woodall,* 12 F.3d at 794–95) (emphasis added). *But see United States v. Real Property, Tree Top,* 129 F.3d 1266, 1997 WL 702771 (6th Cir.1997) (holding that a forfeiture notice sent to prison where the prisoner-owner was incarcerated was constitutionally adequate, regardless of whether the prisoner actually received the notice).

Policy supports such a conclusion. As stated in *Weng*, when the property owner is in federal custody on the very charges that justify forfeiture proceedings, courts place no undue hardship on federal agencies in requiring them to ensure that the owner actually receives the legally required notification. "When [a governmental agency] wishes to secure such a prisoner's cooperation in testifying against some important wrongdoer, it has no difficulty in delivering the message in a manner that insures receipt." *Weng*, 137 F.3d at 715. In contrast, the giving of notice merely by sending a letter to the prisoner's jail is suspect for two reasons. "First, as a prisoner, the owner is unable to insure that he will receive the notice once the post office has delivered it to the institution. The owner is entirely dependent on the institution to deliver his mail to him." *Id.* Furthermore, "because the owner's jailor—the Bureau of Prisons—is part of the same government ... as the agency seeking to give notice, the forfeiting agent can in all probability secure the Bureau's cooperation in assuring that the notice will be delivered to the owner." *Id.*

This Court agrees that it would not place an unreasonable burden on the seizing agency to ensure that an inmate whose property is to be forfeited receives actual notice of the proceedings. Thus, unless the government can show Dusenbery received actual notice of the proposed forfeitures of all of his properties in connection with *Dusenbery I*, then the Court must conclude that the government's notices were constitutionally insufficient.

Under this more stringent notice standard, the government has not offered sufficient evidence to show that it provided Dusenbery with adequate notice of its forfeiture proceedings.[5] As stated by the Court of Appeals, "the government has not countered Dusenbery's assertion [that he was not given proper notice of the forfei-

ture proceedings] by showing that the ... notices were, in fact, timely forwarded and reached Dusenbery in jail." *Dusenbery*, 114 F.3d 1189, 1997 WL 321148 at *2. Subsequent to Dusenbery's appeal, the government still has not demonstrated that Dusenbery did indeed receive actual notice of the forfeiture proceedings. Thus, the government has not demonstrated that it provided Dusenbery with constitutionally adequate notice.

 The government, moreover, has failed to demonstrate that it provided Dusenbery with constitutionally adequate notice even under the more lenient notice standard. The record shows that the first notices sent to Milan FCI were addressed with an erroneous post office box number. The government has failed to show that, despite the typographical error, the notices were redirected to Dusenbery's actual address. " 'When the government has actual knowledge of an interested party's whereabouts at the time forfeiture is commenced, failure to direct the statutorily required personal notice to that address cannot be considered compliance with either the statute or the minimum due process standards." *United States v. Williams*, 108 F.3d 1380, 1997 WL 137205 at *2 (7th Cir.1997) (quoting *Woodall*, 12 F.3d at 794). The Court thus finds that the government's initial, wrongly-addressed notices were not reasonably calculated to reach Dusenbery.

Dusenbery argues that he never received the government's subsequent, properly addressed notices at Milan FCI because he was no longer incarcerated there; he contends that he had been transferred to a local jail to await his trial. The government has not shown that Dusenbery was, in fact, incarcerated at Milan FCI when it sent the subsequent forfeiture notices there. It does not place an undue

---

5. As stated, the government assumed, *arguendo*, that notice was constitutionally inadequate for the purposes of its summary judgment motion, and thus did not fully address this issue. Nonetheless, the documentary evidence submitted by the government to be used at the evidentiary hearing makes it clear that it cannot show Dusenbery received actual notice, and the government has implicitly conceded as much.

burden on the government to require it to ascertain the location of one of its inmates. A "simple call" to the Bureau of Prisons often suffices to determine where an inmate is serving his sentence. *Torres v. $36,256.80 U.S. Currency*, 25 F.3d 1154, 1161 (2nd Cir.1994). As such, the Court finds that the government's subsequent attempts to notify Dusenbery of the proposed forfeiture proceedings were also constitutionally inadequate.

In addition, that the government pursued other avenues to notify Dusenbery of the forfeiture proceedings does not render its attempts constitutionally adequate. Regarding the notices sent to Dusenbery's mother's address, the mailing of notices of forfeiture proceedings to an address where the inmate is not present is constitutionally inadequate. "[W]hen the government knows (or can easily ascertain) where a person may be found, it must direct its notice there, and not to some other address." *Small v. United States*, 136 F.3d 1334, 1337 (D.C.Cir.1998). Thus, the government's attempt to notify Dusenbery of the forfeiture proceedings at his mother's address does not comprise constitutionally adequate notice.

 Further, publication of the forfeiture proceedings in the *Cleveland Plain Dealer* was similarly inadequate. It is well-settled that notice by publication does not suffice when the property owner's address is readily ascertainable. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 797, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) ("publication in a newspaper and posted notices were inadequate to apprise a property owner of condemnation proceedings when his name and address were readily ascertainable from both deed records and tax rolls"); *Borromeo*, 945 F.2d at 752 ("service by publication is constitutionally insufficient where actual notice by mail is feasible"). Because Dusenbery was incarcerated in a federal prison at the time of forfeiture, his address was readily available to the FBI and it could have adequately notified him at the prison.[6] This Court agrees with Dusenbery that publication in an Ohio newspaper is constitutionally insufficient to notify a prisoner incarcerated in Michigan of forfeiture proceedings against his personal property. As such, the Court finds that, even under the more lenient notice standard, the government's attempts to notify Dusenbery of its proposed forfeiture proceedings were constitutionally insufficient.[7]

## V. STATUTE OF LIMITATIONS

Having determined that the government's forfeiture notices to Dusenbery did not meet due process standards, however, does not end the inquiry in this case. The government argues that, even if its notices were insufficient, it is still entitled to forfeiture because there is no genuine issue of material fact regarding whether the subject properties were proceeds of illegal drug trafficking. In response, Dusenbery argues that forfeiture is no longer avail-

---

6. In the context of this case, the Court of Appeals similarly stated that "[i]t is unclear that the government's three published notices in the Cleveland Plain Dealer were sufficient to provide Dusenbery with notice while he was incarcerated at FCI Milan." *Dusenbery*, 114 F.3d 1189, 1997 WL 321148 at *2. Moreover, in *Dusenbery I*, the Court of Appeals stated that publishing notice in the *Cleveland Plain Dealer* "appears insufficient to provide notice for a prisoner incarcerated in another state." *Dusenbery v. United States*, 1996 WL 549818 at *2 (6th Cir. Sept.25, 1996).

7. The government also contends that Dusenbery received actual notice of the forfeiture proceedings by hearing testimony given at his criminal trial. The Court of Appeals, however, has already ruled that the evidence provided to support this contention is "less than convincing and falls short of establishing the adequacy of that alleged notice." *Dusenbery*, 114 F.3d 1189, 1997 WL 321148 at *3. Even if this Court were inclined to disagree with the appellate court's conclusion, which it is not, this Court is probably bound to follow the appellate court's ruling by the doctrine of law of the case. *See Consolidation Coal Co. v. McMahon*, 77 F.3d 898, 905 n. 5 (6th Cir. 1996) ("a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case").

able because of the applicable statute of limitations. Relying on 19 U.S.C. § 1621, Dusenbery contends that he is "entitled to the return of said property because the statute of limitations has expired and the government cannot initiate legal forfeiture proceedings."

19 U.S.C. § 1621 provides that "[n]o ... forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered." Thus, the statute of limitations in this case began to run as soon as the government discovered a factual basis for Dusenbery's CCE charges. Because that discovery was more than five years ago, Dusenbery contends that the government cannot now reinstitute forfeiture proceedings against his property. The Court finds Dusenbery's argument is not well-taken.

■ Only three Courts have examined the issue of how to remedy a due process violation when the statute of limitations for filing a forfeiture proceeding expires after issuance of a forfeiture order and before an attack on that order under Rule 41(e). All three have reached the same conclusion: the district court should consider the merits of the forfeiture, notwithstanding the intervening expiration of the statute of limitations. *See Boero v. Drug Enforcement Administration*, 111 F.3d 301, 306 (2nd Cir.1997) ("when the government is responsible for a known claimant's inability to present a claim, through the govern-

ment's disregard of its statutory obligation to give notice (or otherwise), a hearing on the merits is available in the district court"); *Kadonsky v. United States*, 1998 WL 119531, at *2–3 (N.D.Tex. March 6, 1998) (the remedy for a due process notification violation in a forfeiture proceeding where the statute of limitations has run is a hearing on the merits to determine whether forfeiture of the property is appropriate); *United States v. Marolf*, 973 F.Supp. 1139, 1151 (C.D.Cal.1997) (the proper remedy for defective notice is for the district court to consider the claim on the merits, even though the statute of limitations has expired).[8] This Court agrees with the reasoning of those opinions. Thus, this Court must now consider the merits of this case to determine whether final forfeiture of Dusenbery's property is appropriate.

## VI. THE MERITS

The government contends that there is no genuine issue of material fact in this dispute because the properties at issue unquestionably constitute proceeds from Dusenbery's illegal cocaine trafficking activities.[9] 21 U.S.C. § 881 authorizes the United States to subject proceeds of drug transactions to forfeiture proceedings. "All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance ..., all proceeds traceable to such an exchange, and all moneys, negotiable instruments,

8. In his "Supplement to Forfeiture Case Based on New Case Law," Dusenbery argues that *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 1998 WL 260294 (6th Cir. May 26, 1998) "establishes that the government is barred from seeking forfeiture when the statute of limitations has expired." In that case, however, the property owner did not allege a due process violation in the government's forfeiture process; instead, the government delayed initiating *any* forfeiture proceedings against the property until the statute of limitations had expired. The factual scenario presented in that case was, thus, fundamentally different from that presented here.

9. In passing, the government notes that, as to at least some of the forfeited properties, Dusenbery's claims for return of the property are not well-taken for the additional reason that Dusenbery does not own the *res* in question. For example, the seized 1990 Oldsmobile was registered to Dusenbery's co-defendant, Edward Clouse, not to Dusenbery. Dusenbery responds that the government should be equitably or judicially estopped from taking this position, because its witnesses claimed at trial that Dusenbery owned all the seized properties. The Court does not address this issue because even if Dusenbery does own all of the properties at issue, forfeiture is still clearly appropriate.

and securities used or intended to be used to facilitate any violation of this subchapter" are subject to forfeiture proceedings. 21 U.S.C. § 881(a)(6). Because the government alleges that Dusenbery's seized property constitutes drug proceeds or was purchased with drug proceeds, the property at issue falls within the scope of property subject to forfeiture.

"Analysis of the propriety of alleged forfeiture of alleged drug transaction proceeds calls for a shifting burden of proof." *United States v. A 1989 Wellcraft 2800 Coastal Boat*, 1991 WL 325785 at *4 (N.D.Ohio Nov.26, 1991). The government bears the initial burden of showing probable cause. *United States v. One 1991 Chevrolet Corvette Convertible*, 969 F.Supp. 476, 478 (W.D.Tenn.1997). "This requires the government to establish a 'reasonable ground for belief, supported by more than mere suspicion, that there is a substantial connection between the seized [property] and an illegal drug transaction.'" *Id.* (quoting *United States v. $67,- 220.00 in U.S. Currency*, 957 F.2d 280, 284 (6th Cir.1992)). Once the government establishes that there is probable cause to believe that the property constitutes proceeds from illegal drug sales or was purchased with proceeds from illegal drug sales, the burden shifts to the claimant to prove by a preponderance of the evidence that the property is not subject to forfeiture. *United States v. Real Property Known As 11348 Wyoming, Detroit, Michigan*, 705 F.Supp. 352, 354 (E.D.Mich.1989) ("*11348 Wyoming*"). "'This burden is met either by rebutting the government's evidence that the property was purchased with proceeds of illegal drug activities or a showing that the claimant is an 'innocent owner' and did not know of the property's connection with drug sales.'" *1989 Wellcraft 2800 Coastal Boat*, 1991 WL 325785 at *4 (citation omitted). "Under Rule 56, if a party fails to establish the essential elements of his defense, summary judg-

ment in favor of the movant is appropriate. Thus, an unrebutted showing of probable cause entitle[s] the government to a judgment of forfeiture." *One 1991 Chevrolet Corvette Convertible*, 969 F.Supp. at 478 (citation omitted).

"The existence of probable cause is judged not with clinical detachment, but with a common sense view to the realities of normal life." *United States v. Four Million, Two Hundred Fifty–Five Thousand*, 762 F.2d 895, 904 (11th Cir. 1985). In determining whether probable cause exists, this Court "'must examine the entire record, including evidence developed after the seizure.'" *One Chevrolet Corvette Convertible*, 969 F.Supp. at 478 (citation omitted). "Furthermore, probable cause may be based wholly on circumstantial evidence." *11348 Wyoming*, 705 F.Supp. at 355 (citations omitted). The government, moreover, need not trace the property to specific drug transactions. "Rather, all that is required is that a court be able to look at the 'aggregate' of the facts and find reasonable grounds to believe that the property was derived from drug transactions." *United States v. Parcels of Land*, 903 F.2d 36, 38–39 (1st Cir. 1990) (citations omitted).

In this case, the Court finds that the government has established probable cause as a matter of law. Dusenbery has been incarcerated since his conviction in 1986. At an evidentiary hearing conducted by Judge Dowd on July 23, 1997, in connection with the forfeiture of properties in *Dusenbery I*, Dusenbery testified under oath that he has not had lawful employment since 1983, when he worked at a bakery and helped another individual remodel houses.[10] As the government points out, the absence of legitimate income supports the finding of probable cause in a forfeiture action. *United States v. Brock*, 747 F.2d 761, 763 (D.C.Cir.1984). In this case, it is reasonable to draw the conclu-

---

10. Although Dusenbery stated that he was released from prison in 1984 (following a bank fraud conviction) and did not reenter prison until 1986, he did not testify that he engaged in any lawful employment during the time of this release.

sion that Dusenbery would be unable to amass the large amounts of money or afford the automobiles seized by the government after working at a bakery and remodeling houses for two years. Moreover, Dusenbery also testified at Judge Dowd's evidentiary hearing that the 17 items of his property and the 1984 Chevrolet Monet Carlo seized by the government in connection with his 1986 narcotics conviction were all purchased with drug proceeds. Dusenbery has not engaged in any lawful employment since this earlier conviction, except for work in prison. Given Dusenbery's minimal employment history and his extensive history of drug-related activity, it is reasonable to conclude that Dusenbery instead acquired the forfeited properties in this case through his drug trafficking activities.

Given that the government has established probable cause to believe that the forfeited properties in this case are proceeds from illegal drug sales, or were purchased with proceeds from illegal drug sales, it becomes Dusenbery's burden to prove by a preponderance of the evidence that the property is not subject to forfeiture. Dusenbery has made no effort to carry this burden. Dusenbery has made no contention that the property at issue does not constitute drug proceeds, or that he is an "innocent owner" who did not know of the property's connection with drug sales. Indeed, Dusenbery has not even argued that the government has not carried its burden of proving probable cause for forfeiture. Instead, Dusenbery has argued only that the statute of limitations bars the government from forfeiting the property at issue. As stated, the Court finds this argument is not well-taken. Because the government's showing of probable cause is unrebutted, the Court finds that summary judgment in favor of the government is mandated, and forfeiture of the property at issue is appropriate.

## VII. CONCLUSION

For the above-stated reasons, the Court finds that the government has satisfied its burden of proof in this case. Because the government's showing of probable cause is unrebutted, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the government's motion for summary judgment is granted, and Dusenbery's motion for return of property is denied.

**IT IS SO ORDERED.**